An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN RICO MUSE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64759

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

In his petition filed on September 26, 2013, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14 -19163

the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective for failing to call or locate his alibi witness. Appellant failed to support this claim with specific facts that, if true, entitled him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Next, he claimed that counsel was ineffective for coercing him to plead guilty. He claimed that he only had a ninth-grade education; and he always told counsel he was innocent and did not want to take a deal. Further, he claimed that counsel threatened to withdraw from his case if he did not take the deal. Appellant failed to demonstrate that he was coerced. Appellant was thoroughly canvassed regarding his plea. He indicated he read and understood the plea agreement and its terms, and he indicated to the district court that he could read and write. He also informed the district court he was not coerced into pleading guilty and that no one made him any promises regarding his plea. Moreover, appellant received a significant benefit by pleading guilty. He was originally facing seventeen counts. By pleading guilty, he was only convicted of three and the State agreed to recommend concurrent time between the counts, which he received. Further, the State agreed to dismiss the charges in case number 12F01310X. Therefore, appellant failed to demonstrate that he would not have pleaded guilty and would have insisted on going to trial. Accordingly, the district court did not err in denying this claim.

Next, appellant claimed that his plea was not knowingly entered because he did not receive the sentence explained to him by counsel. He claimed that counsel told him the maximum time he would receive was a sentence of 48 to 120 months in prison imposed on count two. He claims that the prison is calculating his sentence to be 48 to 120 months plus a consecutive sentence of 24 to 60 months. The latter term is the consecutive enhancement sentence imposed in count one.

Appellant received the sentence agreed to in the guilty plea agreement. The guilty plea agreement stated he would receive two consecutive sentences of 24 to 60 months for count one, 48 to 120 months on count two to run concurrent to count one, and 28 to 70 months on count three to run concurrent to the other counts.[2] Therefore, appellant's plea was knowingly entered and the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[2]If the prison is calculating his sentence incorrectly, then appellant can file a post-conviction petition for a writ of habeas corpus challenging the computation of time served. *See* NRS 34.724(1).

cc: Hon. Stefany Miley, District Judge
Sean Rico Muse
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk